I am inclined to think the priority of number is of some weight in the decision of this case. It will not do to say, in case of two grants of equal date, that he shall prevail who is in possession. It should be decided by some rule more satisfactory. In common cases the date of the grant is resorted to, although it is (500) plain that gives no certain proof of priority of execution, for the grants are made out ready for execution, and dated a long time before the actual execution takes place. In fact, as the grants are sent in large numbers to the Governor's Secretary to be executed, and are executed as they happen to come to hand, it may, and no doubt frequently does, happen in fact that a deed of latter date is first executed. Or suppose they are dated by the Governor's Secretary as they come to hand, after the execution, still it may happen that a deed first executed may be the last dated. But as some circumstance must be taken, the courts have adopted that of the date, and where that is found not to answer the purpose, some other circumstance, by parity of reason, should be resorted to, and priority of number is some evidence, though not conclusive, that the deed which has that circumstance in its favor was first dated.
The jury found for the plaintiff, and a new trial being moved for, WILLIAMS, J., was for granting it; but HAYWOOD, J., would not now deliver an opinion upon the motion, saying a State grant might be suspended at any time before it was enrolled, which proved that before *Page 402 
enrollment the grant was not complete; and this differed from the case of the enrollment of a deed of bargain and sale, which could not be prevented after the execution; that the point deserved consideration, and he would endeavor to form an opinion when it should be argued hereafter upon this motion.
NOTE. — As to the first point ruled in this case, see Reynolds v.Flinn, and the note thereto, ante, 106. Upon the last point, see Andrews v.Mulford, ante, 311, and Riddick v. Legget, 7 N.C. 539.